Paxson, J.,
This was an appeal in the court below by the defendant company, from a settlement by the Auditor General, of taxes claimed by the Commonwealth, for the year ending the first Monday of November, 1885. The court below sustained the settlement made by the Auditor General. The account was settled under §4 of the Act of 1879, P. L. 114, and a tax imposed of eight and one-half mills upon its capital stock. During the tax year ending on the first Monday of November, 1885, the company declared two dividends, one of eleven per cent, on Jan. 5, and one of six per cent, on July 6. On Oct. 26, 1885, the defendant company gave written notice to the Auditor General that, in pursuance of the provisions of § 3 of the Act of 1885, P. L. 194, it had elected to collect annually from its shareholders, a tax of six-tenths of one per cent, upon the par value of all its shares, and that it would pay this sum, viz., $12,000, on or before March 1, 1886. This payment was not made, however. It was alleged the omission occurred by an oversight caused by the sickness of the president and his consequent absence from the office. An offer to pay was made on April 17, 1886, when the accounting department refused to receive it, as being too late, and required the defendant company to report, under § 5 of the Act of 1885, a list of the shareholders and the other facts in that section specified. The defendant made this report, and, on June 16, 1886, paid, on behalf of its shareholders, the tax due thereon from them, amounting to $22,493.43.
The omission to pay, from whatever cause, the $12,000, on or before March 1, deprived the company of the benefit of § 3 of the Act of 1885, and they stood precisely in the position as though said section had never been passed. It was, therefore, clearly competent for the accounting department to require said company to report under § 5 of said Act, and the tax, imposed on the shareholders in pursuance thereof, was strictly legal. So far there is no difficulty. But, in addition to this tax on the shares of the stock in the hands of the shareholders, the Auditor General, as I understand the facts, — and they are not very clearly stated, — settles an account against the company for a tax, upon the capital stock, of eight and one-half mills, under § 4 of the Act of 1879. This settlement was sustained by the court below, and is the subject of the present complaint. It was alleged that this was double taxation, and to, some extent, it is so. Had the company followed up its notice by paying its $12,000, in compliance with the 3d section of the Act of 1885, the difficulty would not have occurred, as said section expressly provides that all corporations specified therein, upon complying with its provisions, shall be exempt from all other taxation under the laws of the Commonwealth, so far as its shares and so much of the capital and profits as shall not be invested in real estate are concerned. The question now, as I understand it, is whether, by reason of the failure to pay under the 3d section of the Act of 1885, the company is obliged to pay a tax upon its capital *703 stock under the Act of 1879, and its shareholders to pay a tax upon their shares, under the Act of 1885.
If we treat the Acts of 1879 and 1885 as separate and distinct Acts, there would be no difficulty in sustaining the action of the court below. The Acts are not distinct, however. The Act of 1885 is a mere supplement to the Act of 1879, and, together, they are parts of a • system, forming, with other Acts, a complete scheme of taxation. The learned judge below was of the opinion that the payment of the tax provided for by § 5 of the Act of 1885 has no bearing upon the present claim for the reason that it was not a tax upon the corporation, but upon the shares of stock in the hands of the individual shareholders, and that the company paid the tax on behalf of the stockholders as their agent, or in their relief as a volunteer. The fact remains, however, that no intent is apparent in our legislation upon this subject, treating the different statutes as a scheme of taxation, to tax both the capital stock and the shares in the hands of the shareholders.
Such taxation, notwithstanding the subtle distinction of the court below, would be substantially double taxation. Conceding the power of the Legislature to tax in this manner, its exercise is never to be presumed. The intent to impose double taxation must be clearly expressed.
We are of opinion that the shares of the defendant company having been taxed in the hands of the shareholders, under the Act of 1885, its capital stock cannot be taxed under the Act of 1879. It follows that the judgment below must be reversed.
Judgment reversed.